J-S47022-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TAMIR LEE | |
| Appellant | No. 2233 EDA 2016 |

Appeal from the PCRA Order June 8, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003299-2011

BEFORE:  LAZARUS, J., MOULTON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MOULTON, J.:               **FILED DECEMBER 01, 2017**

Tamir Lee appeals, *pro se*, from the June 8, 2016 order entered in the Philadelphia County Court of Common Pleas dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. We affirm the PCRA court's order and deny Lee's motion for special relief.[1]

The PCRA court summarized the prior history of this matter as follows:

> By way of background, [Lee] was arrested and charged with homicide and related offenses and on December 11, 2012,

_____

[1] Lee's "Motion for Application for Special Relief Pursuant to Pa.Crim.P.Rule 123," requests the dismissal of all charges against him because the Commonwealth failed to file its brief in a timely manner.  While we recognize that the Commonwealth filed its brief more than four months late, **see** Order Granting Second App. For Ext. of Time to File App. Br., 4/23/17, because we conclude that Lee's PCRA petition was untimely, we deny Lee's motion.

after a jury had been selected, he entered an open guilty plea to the charges of third-degree murder, possessing instruments of crime and criminal conspiracy.[2] These charges arose out of an incident that occurred on May 31, 2010, in the area of the 1900 block of South 60th Street in Philadelphia during which one Aaron Lewis was shot and killed during an alleged drug war. On March 8, 2013, this Court imposed an aggregate term of incarceration of 25 to 50 years upon [Lee]. [Lee] filed an untimely motion for reconsideration on March 19, 2013. This Court did not rule upon the untimely motion and [Lee] did not file an appeal.

On January 29, 2015, [Lee] filed a document captioned "Petition for Writ of Habeas Corpus Traditional and for Access to Courts." In it he alleged that trial counsel was ineffective for various reasons, his plea was involuntary because it was entered "under duress of mandatory sentences," the sentences imposed upon him are illegal in that they violate the holding of **Alleyne v. United States**, 133 S.Ct. 2151 ([]2013), he was denied a preliminary hearing on the charge of conspiracy and was never held for trial on the charge of possessing instruments of crime at the preliminary hearing, the law prohibits convictions for third-degree murder and criminal conspiracy, there is newly discovered evidence concerning Philadelphia Police Detective Ronald Dove, who arrested him, his plea was involuntary because of mental health problems, the Commonwealth acted illegally by proceeding by filing bills of information, and he was entitled to relief pursuant to Pa.R.Crim.P. 600. On August 14, 2015, [Lee] filed a document entitled "Motion/Petition for Court to Take Judicial Notice," wherein he asserted that his sentence is illegal under **Commonwealth v. Hopkins**, 117 A.3d 247 (Pa. 2015). He then filed on December 2, 2015, a "Motion for Writ of Assistance" which alleged that his sentence was illegal and that improper delays and ineffective assistance of counsel constituted "governmental interference."

Counsel was appointed to represent [Lee] and on April 20, 2016, counsel filed a "No Merit" letter pursuant to **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988); **Commonwealth v. Turner**, 544 A.2d 927 (Pa.

_____

[2] 18 Pa.C.S. §§ 2502(c), 907(a), and 903(c), respectively.

- 2 -

1988), and a Motion to Withdraw as Counsel. Upon reviewing the letter and the entire record, this Court sent [Lee] a Pa.R.Crim.P. 907 Notice of Intent to Dismiss. [Lee] filed a response thereto on May 11, 2016. On June 8, 2016, this Court issued an order dismissing [Lee]'s PCRA petition and permitting counsel to withdraw. Subsequent thereto, [Lee] filed a timely notice of appeal and a requested Pa.R.A.P 1925(b) statement.

Opinion, 8/16/16, at 1-2 ("1925(a) Op.").

Lee raises the following issues on appeal:

1. Have the Pennsylvania Legislature and Judiciary, created a false system of Post Conviction Relief to give the U.S. Supreme Court the false impression that they had created a constitutionally sound system under 42 [Pa.C.S.] § 9541 to § 9546 inclusive?

2. Can a first time PCRA petitioner receive fundamentally fair hearing and due process under the current system and Superior Court informed review without a hearing on issues in the lower court?

3. Was [Lee] denied and due process [sic] the effective assistance of counsel to his great injury and prejudice?

Lee's Br. at 4 (full capitalization omitted).[3]

_____

[3] We agree with the PCRA court's conclusion that Lee's "Motion for Writ of Habeas Corpus Traditional and for Access to Courts" was properly treated as a PCRA petition. *See* 1925(a) Op. at 3-4; 42 Pa.C.S. § 9542 ("The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus* and *coram nobis*."); **Commonwealth v. Hall**, 771 A.2d 1232, 1235 (Pa. 2001) ("The plain language of the statute above demonstrates quite clearly that the General Assembly intended that claims that could be brought under the PCRA must be brought under that Act. No other statutory or common law remedy 'for the same purpose' is intended to be available; instead, such remedies are explicitly 'encompassed' within the PCRA.") (emphasis omitted); **Commonwealth v. Fowler**, 930 A.2d 586, 592 (Pa.Super. 2007) ("[L]egality of sentence [claims are] always subject to

Our standard of review from the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v. Ousley**, 21 A.3d 1238, 1242 (Pa.Super. 2011).

Before we reach the merits of Lee's petition, we must determine whether it was timely filed. A PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

The trial court sentenced Lee on March 8, 2013. Lee did not file a direct appeal. Therefore, his sentence became final on April 8, 2013, when the period to timely file a notice of appeal expired. **See** Pa.R.A.P. 903(a); **see also** 1 Pa.C.S. § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the

_____

review within the PCRA, [but] claims must still first satisfy the PCRA's time limits or one of the exceptions thereto.") (quoting **Commonwealth v. Beck**, 848 A.2d 987, 989 (Pa.Super. 2007)); **Commonwealth v. Holmes**, 79 A.3d 562, 576 (Pa. 2013) (holding that absent certain circumstances, "claims of ineffective assistance of counsel are to be deferred to PCRA review").

computation."). Therefore, Lee's current petition, filed on January 29, 2015, is facially untimely.

To overcome the time bar, Lee was required to plead and prove one of the following exceptions: (i) unconstitutional interference by government officials; (ii) newly discovered facts that could not have been previously ascertained with due diligence; or (iii) a newly recognized constitutional right that has been held to apply retroactively. *See* 42 Pa.C.S. § 9545(b)(1)(i)-(iii). To invoke one of these exceptions, Lee must have filed his petition within 60 days of the date the claim could have been presented. *See* 42 Pa.C.S. § 9545(b)(2).

Lee's PCRA petition failed to plead or prove any exception to the one-year time bar. The PCRA court found:

> Here, because [Lee] filed for post-conviction relief more than one year after April [8], 2013, the date his conviction became final, which was thirty days after he was sentenced, his request for PCRA relief was properly denied because none of the above exceptions to the one-year filing requirement applies.[1] [Lee] attempted to overcome the time bar by claiming in his December 2, 2015, filing that there was governmental interference caused by the appointment of counsel and subsequent ineffective representation by court-appointed [counsel]. These exceptions clearly do [not] fit under the government exception because by its very wording, the PCRA states that "government officials" do not include defense counsel. 42 Pa. C.S. §9545(b)(4).[2] And as far as the attack on the current court appointment system is concerned, [Lee] has not articulated how the current system prejudiced him. Consequently, all of the issues raising trial error and the ineffectiveness of trial counsel were properly determined to be time-barred.

[1] The PCRA provides that a conviction becomes final at the conclusion of direct review, including discretionary review by the United States and the Pennsylvania Supreme Courts or the time limit for seeking such review. *See Commonwealth v. Crews*, 863 A.2d 498, 501, n.1 (Pa. 2004) (citation omitted) ("A judgment of sentence becomes final at the conclusion of direct review, including review by the United States and Pennsylvania Supreme Courts, or when the time for seeking such review expires. . . . The time for seeking certiorari with the United States Supreme Court is 90 days."). Because [Lee] did not file an appeal from the judgment of sentence, his conviction became final thirty days after sentence was imposed upon him.

[2] A review of [Lee]'s 1925(b) statement failed to discern this particular issue. For the sake of judicial economy and to provide a complete record, this Court has addressed the claim.

To the extent that defendant contends that PCRA counsel provided him with ineffective assistance, for purposes of appeal any such claims are limited to the claims raised in his Rule 907 response. *See Commonwealth v. Smith*, 121 A.3d 1049 (Pa. Super. 2015). In his Rule 907 response, other than claiming that he never accepted appointed PCRA counsel as his attorney and asserting generally that PCRA counsel was ineffective, [Lee] raised no specific claim of ineffectiveness. Therefore, it is suggested that any claim predicated upon the ineffectiveness of PCRA counsel be deemed waived.[3]

[3] It is noted that a review of PCRA counsel's representation failed to discern any wrongdoing by counsel. [Lee]'s disaffection with his representation cannot serve as a basis for relief.

Although not specifically raised in his 1925(b) statement, it is submitted that [Lee] was properly denied relief on his newly discovered evidence claim. In that claim, [Lee] baldly contended that allegations raised against Detective Dove in an unrelated matter entitle him to relief.[4] Other than setting

forth the claim in general terms, [Lee] has provided no other evidence to support a finding that he is entitled to a new trial based on this evidence. In **Commonwealth v. Castro**, 93 A.3d 818 (Pa. 2014), our Supreme Court recently held that newspaper articles were not evidence and could not form the basis for the grant of relief on a newly discovered evidence claim. Based on the holding of Castro, it is clear that no error occurred in denying relief on this claim because [Lee] is essentially solely relying on the report of the detective's arrest as a basis for relief.[5]

[4] Recently, Detective Dove was fired by the Philadelphia Police Department for allegedly covering up evidence in an unrelated homicide matter involving a girlfriend.

[5] Even had [Lee] presented argument in support of this claim, relief still would have not been forthcoming because the outcome of the case likely would not have been different because there is no evidence that Detective Dove did anything inappropriate in the instant matter and the evidence of defendant's guilt was overwhelming. Moreover, [Lee] pleaded guilty herein and averred that the factual recitation of the facts during his plea hearing was essential correct. Our Supreme Court stated in **Commonwealth v. Lyons**, 79 A.3d 1053, 1068 (Pa. 2013), that a court

> should grant a motion for new trial on the ground of after discovered evidence where producible and admissible evidence discovered after trial (1) could not have been obtained prior to the end of trial with the exercise of reasonable diligence; (2) is not merely corroborative or cumulative evidence; (3) is not merely impeachment evidence; and (4) is of such a nature that its use will likely result in a different verdict on retrial.

- 7 -

> ***Commonwealth v. Chamberlain***, 612 Pa.
> 107, 163-64, 30[] A.3d 381, 414 (2011).

> Finally, to the extent that [Lee] challenges the legality of his sentence, as noted above, said claims are time-barred. Before concluding, it is noted that it appears that this Court did not impose any mandatory minimum sentences on [Lee]. Therefore, ***Alleyne*** does not even apply here.

1925(a) Op. at 5-7. To the extent that Lee's PCRA petition raised the governmental interference or newly-discovered facts exception to the PCRA time-bar, we agree with the trial court that Lee has failed to plead and prove either exception. Thus, because Lee's petition was untimely, and there was no genuine issue of material fact regarding the timeliness of Lee's petition, the PCRA court properly dismissed the petition without a hearing. ***See Commonwealth v. Springer***, 961 A.2d 1262, 1264 (Pa.Super. 2008). ("[I]f the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary.").

Order affirmed. Motion for special relief denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/1/2017

- 8 -